UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHARLES BURGIN,

                              Plaintiff,

        v.                                              **DECISION AND ORDER**
                                                        04-CV-503S

GENERAL MOTORS CORP.,
GENERAL MOTORS HOURLY RATE
PENSION PLAN, JOHN DOE, and
GENERAL MOTORS HOURLY RATE
PENSION PLAN ADMINISTRATOR,

                              Defendants.

## I.  INTRODUCTION

        In this action, *pro se* Plaintiff Charles Burgin alleges that Defendants breached their

fiduciary duties by failing to advise him of his pension eligibility and by refusing to provide

him with requested plan documents.   Plaintiff seeks relief pursuant to the Employment

Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1113 and 1132.   Currently before

this Court is Defendants' Motion to Dismiss and for Summary Judgment as well as

Plaintiff's Motion for Summary Judgment.

## II.  BACKGROUND

**A.        Factual Summary**

        Plaintiff began working for General Motors Corporation ("GMC") on August 28, 1978.

(Compl., ¶ 7).  At some point during his employment, he suffered injuries, which resulted

in an extended disability absence.  (Compl., ¶ 11).  After an unsuccessful attempt to return

to work in 1991, Plaintiff filed a grievance with GMC.  (Compl., ¶¶ 11-12).  On July 1, 1993,

in settlement of his grievance, Plaintiff was awarded 4.5 years of credited service.  (Compl.,

¶¶ 9 & 12).[1]  As a result, Plaintiff alleges that his total credited service was increased to 10.5 years, retroactive to December 31, 1991.  (Compl., ¶ 9 & Exh. A).

GMC is responsible for administration of its Hourly Rate Pension Plan ("Pension Plan").  (Compl., ¶ 5).  In response to Plaintiff's request for Pension Plan documents and an opportunity to apply for total and permanent disability pension ("disability pension"), the General Motors Pension Administration Center sent a letter dated July 13, 1998, in which it explained:

> You are hereby informed that you are ineligible to apply for Total and Permanent Disability Benefits, as outlined in the General Motors/UAW Pension Plan.  Only those employees with at least 10 years of credited service, unbroken seniority, who are under the age of 65, have been on sick leave for at least five months, and are currently on sick leave are eligible to apply for total and permanent disability.  Your status shows that you have quit General Motors dated 7-1-93 [sic], therefore, you are ineligible to apply for total and permanent disability.  If you believe that this information is incorrect and need further assistance, please contact the union benefit representative at your location.

(Compl., ¶ 19 & Exh. E).  Plaintiff contacted the United Auto Workers ("UAW") as instructed but received no reply.  (Compl., ¶ 20).  At the time, the UAW was a named defendant in an employment discrimination suit commenced by Plaintiff in 1995.[2]  (Compl., ¶ 20).

Plaintiff alleges that while conducting legal research in January of 2004, he discovered that Defendants were obligated to advise him that he was eligible for disability pension.  (Compl., ¶ 16).  Specifically, Plaintiff discovered a case entitled Camardo v.

---

[1]  Attached as Exhibit A to Plaintiff's Complaint is a Notice of Corporation Determination, which indicates that he was awarded 4.8 years of credited service on October 23, 1992.  However, the disparities between the allegations in the Complaint and the Notice attached thereto regarding the number of credited years or the date on which they were awarded do not impact this Court's analysis or conclusions with respect to the instant motions.

[2]  In connection with the settlement of his lawsuit in 2004, Defendant signed a release, which by its terms "does not apply and does not waive or release: (a) any vested rights or claims for benefits under any benefit plan subject to [ERISA] . . . ."  (Pl.'s Aff., Exh. 1, p. 7).

General Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380 (W.D.N.Y. 1992),
in which a GMC employee sought judgment directing the administrator of the General
Motors Hourly-Rate Employee Pension Plan to provide him with disability pension benefits.
The Comardo Court cited language from the "Agreement Implementing Section 3(c) of the
Supplemental Agreement, Pension Plan, dated March 21, 1982, Between General Motors
and the UAW, § B4(c), p. 112," ("1982 Implementing Agreement"), which provides:

> Management will notify each employee who has been absent for 5
> continuous months, because of disability, of his possible eligibility for total
> and permanent disability pension.  The union member of the local Pension
> Committee will be given a copy of the employee notification letter, or advised
> if personal contact is made with such employee.  If such absence continues
> for a period of 9 full months because of disability and the employee has not
> applied for total and permanent disability pension, management will again
> notify the employee of his possible eligibility for such pension and will give
> a copy of the employee notification to the union member of the local pension
> committee.

(Compl., ¶ 15; Comardo, 806 F. Supp at 385-86).  By letter dated June 5, 2004, Plaintiff
requested a copy of the 1982 Implementing Agreement, as well as copies of "all
subsequent updates of GMC/UAW Pension Agreements" from 1982 through the present.
(Compl., ¶ 21 & Exh. F).  Plaintiff asked GMC to rescind its July 13, 1998 decision that he
was ineligible to apply for disability pension, or to allow him to formally appeal that
decision.  (Compl., ¶ 21 & Exh. F).  According to Plaintiff, Defendants did not reply to his
request.  (Compl., ¶ 21).

According to Defendants, the General Motors Pension Administration Center
advised Plaintiff by letter dated July 14, 2004, that his request for an application could not
be accommodated because he was not an active employee and was therefore ineligible.
(Def.'s Mem., p. 3 & Exh. F).  The letter further stated that "the information provided in the

letter dated July 13, 1998 is accurate." (Def.'s Mem., Exh. F).  Attached to the letter was

the "Agreement Implementing Section 3(c) of the Supplemental Agreement, Pension Plan,

**dated October 24, 1993**, between General Motors and the UAW," ("1993 Implementing

Agreement"), as well as "language related to [total and permanent disability] retirement for

Specific Plan years: 1982, 1987, and 1993." (Def.'s Mem., Exh. F) (emphasis added).

Plaintiff alleges that GMC and the UAW intentionally failed to inform him of his

pension eligibility after he was awarded 4.5 years of credited service in 1993.  (Compl., ¶¶

17 & 18).   In addition, Plaintiff alleges that Defendants failed to provide him with the

Pension Plan documents, which he specifically requested.  (Compl., ¶ 23).  Plaintiff seeks

an order directing Defendants to furnish the materials requested in his June 5, 2004 letter,

and an opportunity to apply for disability pension.  (Compl., p. 7).

## B.    Procedural History

Plaintiff commenced this action by filing a *pro se* Complaint in the United States

District Court for the Western District of New York on July 9, 2004.  On August 12, 2005,

Defendants moved to dismiss the first and third causes of action and for summary

judgment on the second cause of action.[3]  In response to Defendant's Motion, Plaintiff

moved for summary judgment on all three of his claims.[4]  (Pl.'s Aff., ¶ 21).  For the

following reasons, Defendants' Motion to Dismiss the first and third causes of action is

denied, and Plaintiff's Motion for Summary Judgment on those claims is denied without

---

[3]      In support of their Motion to Dismiss and for Summary Judgment, Defendants filed a memorandum of law with numerous exhibits and a reply brief.  Defendants did not file a Statement of Undisputed Material Facts as required by Rule 56.1(a) of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York.  In opposition to Defendants' Motion and in support of his own Motion for Summary Judgment, Plaintiff filed an affidavit with exhibits, including his Rule 26 Report.  Plaintiff indicates that his affidavit also serves as his memorandum of law.  (Pl.'s Aff., p. 10).

[4]      Plaintiff's cross-motion is not reflected in the docket in this case.  Rather, this relief is requested in Plaintiff's affidavit in opposition to Defendants' Motion.  (Pl.'s Aff., ¶ 21)

4

prejudice.  Defendants' Motion for Summary Judgment on Plaintiff's second cause of action is denied and Plaintiff's Motion seeking the same is granted.

## III.  DISCUSSION

### A.    First and Third Causes of Action: Failure to Advise of Pension Eligibility

Defendants argue that Plaintiff's claims, which are based on their alleged failure to advise him in 1993 of his pension eligibility, are barred by the statute of limitations.  Plaintiff contends that he is entitled to summary judgment on these claims.

#### i.    Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a Complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  A court may dismiss an action under this rule if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which will entitle him to relief." Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir.1994) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957)).  When a court decides a motion under Rule 12(b)(6), all well-pleaded factual allegations contained in the Complaint are assumed true and construed in the non-moving party's favor.  See Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740, 96 S. Ct. 1848, 1850, 48 L. Ed. 2d 338 (1976); Still v. DeBuono, 101 F.3d 888, 891 (2d Cir. 1996).

On such a motion, "[t]he issue is not whether a plaintiff will or might ultimately prevail on [his] claim, but whether [he] is entitled to offer evidence in support of the allegations in the complaint."  Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 62 (2d Cir. 1997) (citation omitted).  If it appears from the face of the Complaint that a cause of action has not been brought within the applicable statute of limitations period, the defense of limitations "may be raised in a pre-answer motion pursuant to Fed. R. Civ. P.

12(b)(6)."  Santos v. Dist. Council of New York City, 619 F.2d 963, 967 n.4 (2d Cir. 1980); Ghartley v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989).  Because Plaintiff is proceeding *pro se*, this Court reads his submissions liberally, and interprets them to raise the strongest arguments that they suggest.  See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994); Mikinberg v. Baltic S.S. Co., 988 F.2d 327, 330 (2d Cir. 1993).

### ii.    Plaintiff's First and Third Causes of Action Are Not Time-Barred

Under ERISA, a claim for breach of fiduciary duty must be brought within "(1) six years after: (A) the date of the last action which constituted a part of the breach or violation; or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation," or "(2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation," whichever is earlier.  See 29 U.S.C. § 1113; see also Frommert v. Conkright, 433 F.3d 254, 272 (2d Cir. 2006).  ERISA sets forth an exception to this statute of limitations in cases of fraud or concealment.  29 U.S.C. § 1113; Oechsner v. Connell Ltd. P'ship, 283 F. Supp. 2d 926, 931-32 (2003).  "In such cases, an ERISA claim will be timely unless commenced later than six years after the date of discovery of such breach or violation."  Oechsner, 283 F. Supp. 2d at 932.  The Second Circuit has held that "strict adherence to limitation periods is the best guarantee of evenhanded administration of the law."  Carey v. Int'l Broth. of Elec. Workers Local 363 Pension Plan 201, 201 F.3d 44, 47 (2d Cir. 1999) (internal citations and quotations omitted).

In his Complaint, Plaintiff alleges that GMC and the UAW intentionally withheld information concerning his potential pension eligibility in 1993, and failed to advise him that he had a right to apply for such benefits after he prevailed in his grievance.  (Compl., ¶ 18).

Plaintiff settled his workers' compensation grievance on July 1, 1993, which is the effective date of his termination.  (Compl. ¶¶ 17, 19).  Plaintiff alleges that he only became aware of Defendants' obligation to inform him of his potential pension eligibility in January of 2004, the same year he commenced this case.  (Compl., ¶ 16).

It is well established that an ERISA claim is untimely if it is not brought within the **earlier** of the two limitations periods set forth in 29 U.S.C. § 1113.  See Oechsner, 283 F. Supp. 2d at 934.  In the instant case, it is clear that Plaintiff did not file his ERISA claims within the earlier of limitations periods.  That is, this case was not filed within six years of July 1, 1993, the date that Plaintiff settled his grievance, thereby becoming eligible for disability pension, and the date that he was effectively terminated.  As such, Plaintiff's first and third causes of action are timely only if they fall within ERISA's fraud or concealment exception.  29 U.S.C. § 1113.

ERISA's fraud or concealment exception effectively tolls the statute of limitations "'until the plaintiff in the exercise of reasonable diligence should have discovered the alleged fraud or concealment.'"  Losquadro v. FGH Realty Credit Corp., 959 F. Supp. 152, 157 (E.D.N.Y. 1997) (quoting J. Geils Band Benefit Plan v. Smith Barney Shearson, Inc., 76 F.3d 1245, 1252 (1st Cir. 1996)).  The Second Circuit has held that this exception, and its concomitant six-year statute of limitations, should be applied to cases "in which a fiduciary:  (1) breached its duty by making a knowing misrepresentation or omission of a material fact to induce an employee/beneficiary to act to his detriment; or (2) engaged in acts to hinder the discovery of a breach of fiduciary duty."  Caputo v. Pfizer, Inc., 267 F.3d 181, 190 (2d Cir. 2001).

To avail himself of the longer limitations period, a plaintiff must plead the fraud or concealment with sufficient particularity to satisfy Rule 9(b) of the Federal Rules of Civil

Procedure.  See Oechsner, 283 F. Supp. 2d at 933-34; Caputo, 267 F.3d at 191.  Under

Rule 9(b), a plaintiff's allegations must "specify the time, place, speaker, and sometimes

[the] content of the alleged misrepresentations."  Losquadro, 959 F. Supp. at 157 (quoting

IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1057 (2d Cir. 1993)).  "In instances

where the alleged fraud is premised on an omission, a plaintiff must specify the person

responsible for the failure to speak, the context of the omission, and the manner in which

the omission misled the plaintiff."   Odyssey Re (London) Ltd. v. Stirling Cooke Brown

Holdings Ltd., 85 F. Supp. 2d 282, 293 (S.D.N.Y.2000); see also Toussaint v. JJ Weiser

& Co., No. 04 Civ. 2592(MBM), 2005 WL 356834, at *8 (S.D.N.Y. Feb. 13, 2005).

Construing Plaintiff's Complaint liberally, this Court finds that his claims fall within

ERISA's fraud or concealment exception.  In the opinion of this Court, Plaintiff has

identified to the best of his ability the entities responsible for withholding the fact of his

eligibility for disability pension, and the persons within those entities in a position to

ascertain his eligibility.  For example, attached to Plaintiff's Complaint are relevant

documents signed by persons within GMC and UAW responsible for administering

employee benefits, including:  (1) a November 7, 1991 letter signed by Ralph Attanasio,

the Benefit representative of the UAW Local 424, to the International Representative Ed

Yonan, detailing Plaintiff's compensation and benefits claims; (2) a December 31, 1991

letter from Sharon O'Connor, General Motors Disability Claims Reviewer, notifying Plaintiff

that his long term disability benefits were being terminated; (3) the October 23, 1992 Notice

of Corporation Determination, signed by Frank L. Conley, the Western New York Regional

Personnel Director, crediting Plaintiff with years of service and rendering him eligible for

disability pension; and (4) a September 15, 1993 letter signed by W.B. Stachura,

Personnel Director, regarding the settlement of Plaintiff's grievances. (Compl., Exhs. A-D).

8

With respect to the other pleading elements, Plaintiff alleges that Defendants failed to advise him of his pension eligibility after his grievance settlement, that he was led to believe that he was not eligible for disability pension, and was thereafter precluded from applying for pension benefits.  This Court finds, under the circumstances, that Plaintiff has plead Defendants' concealment with sufficient particularity to satisfy the requirements of Rule 9(b), and to meet the relevant purposes of that Rule, which are "to afford defendant fair notice of the plaintiff's claim and the factual ground upon which it is based, . . . [and to] safeguard[ ] defendant's reputation and goodwill from improvident charges of wrongdoing." Ross v. Bolton, 904 F.2d 819, 823 (2d Cir.1990) (internal citations omitted); see also O'Brien v. National Prop. Analysts Partners, 936 F.2d 674, 676 (2d Cir.1991).

Plaintiff's failure to identify a particular GMC manager or administrator does not prevent him from relying on Rule 9(b).  There is no evidence that GMC directed Plaintiff to correspond with any particular individual regarding his pension benefits, or that GMC ever identified a particular person by name who was responsible for administering pension benefits.  For example, the letter responding to Plaintiff's pension inquiry in 1998 was signed "Sincerely, General Motors Pension Administration Center." (Compl., Exh. E).  The letter advised Plaintiff to direct any further inquiries to "the union benefit representative at your location" or the "GM Pension Administration Center." (Compl., Exh. E).  Under the circumstances, it would be unreasonable to require this *pro se* Plaintiff to identify his benefits administrators with greater particularity than they identified themselves.  Because this Court finds that Plaintiff has sufficiently plead concealment, his claims are timely if he filed them within six years of the date he discovered Defendants' alleged breach.  See 29 U.S.C. § 1113.

Plaintiff alleges that he discovered that Defendants were obligated to notify him of his potential eligibility for disability pension in January of 2004.   Because Plaintiff commenced this action well within six years of his discovery, Defendants' Motion to Dismiss his first and third causes of action is denied.

### iii.    Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is warranted where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003).  A fact is "material" if it "might affect the outcome of the suit under governing law."  Anderson, 477 U.S. at 248.  In a case where the non-moving party bears the ultimate burden of proof at trial, the movant may satisfy its burden by pointing to the absence of evidence supporting an essential element of the non-moving party's claim.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

When deciding a motion for summary judgment, a court must view the evidence and the inferences drawn from the evidence "in the light most favorable to the party opposing the motion." Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct.1598, 1609, 26 L. Ed. 2d 142 (1970).  "Only when reasonable minds could not differ as to the import of evidence is summary judgment proper."  Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).  Ultimately, the function of the court is "not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson,

477 U.S. at 249.

**iv.     Genuine Issues Regarding the Implementing Agreement and Pension Plan Preclude Summary Judgment**

Plaintiff moves for summary judgment on his claims that Defendants failed to advise him of his pension eligibility as required by the Implementing Agreement and Pension Plan. However, it is unclear from the record before this Court which Implementing Agreement and Pension Plan apply to Plaintiff's ERISA claims.   Plaintiff contends that the 1982 Implementing Agreement, which obligates Defendants to notify a disabled employee of his potential pension eligibility, governs this case.   This is the same Implementing Agreement that was set forth in the Comardo case.   For their part, Defendants have neither confirmed nor denied whether the 1982 Implementing Agreement applies to Plaintiff's employment. In their Answer, Defendants merely state that "the terms of the General Motors Hourly Pension Plan" and "the facts and the holding of the cited case . . . speak for themselves." (Ans., ¶¶ 15, 16).   Because there is a genuine issue as to which Implementing Agreement and Pension Plan controls, this Court cannot determine whether Defendants were obligated to notify Plaintiff of his potential pension eligibility.   Accordingly, Plaintiff's motion for summary judgment on his first and third causes of action is denied with leave to refile after Defendants identify and produce the relevant Implementing Agreement and Pension Plan.

**B.     Second Cause of Action: Failure to Provide Plan Documents**

The parties have cross-moved for summary judgment on Plaintiff's claim that Defendants did not produce Pension Plan documents as mandated by ERISA.   29 U.S.C. § 1024(b)(4).   Specifically, ERISA provides that "[t]he administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary,

plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."  29 U.S.C. § 1024(b)(4).

Deliberate failure by the plan administrator to provide such information within thirty days allows a court, in its discretion, to impose a penalty of up to $100 per day.  29 U.S.C. § 1132(c)(1)(B); Devlin v. Empire Blue Cross & Blue Shield, 274 F.3d 76, 90 (2d Cir. 2001); Plotkin v. Bearings Ltd., 777 F. Supp. 1105, 1107 (E.D.N.Y. 1991).   In exercising its discretion, a district court may consider:   "(1) the administrator's bad faith or intentional conduct; (2) the length of the delay; (3) the number of requests made; (4) the extent and importance of the documents withheld; and (5) the existence of any prejudice to the Plan participant or beneficiary."  McConnell v. Costigan, No. 00 Civ. 4598, 2002 WL 1968336, at *2 (S.D.N.Y. Aug. 23, 2002); see also Pagovich v. Moskowitz, 865 F. Supp. 130, 137 (S.D.N.Y. 1994).

It is undisputed that in a letter dated June 5, 2004, Plaintiff requested the 1982 Implementing Agreement, which was referenced in the Comardo decision.  (Compl., ¶ 21 & Exh. F).  Plaintiff's letter was stamped received by the GMC Pension Administration on June 10, 2004.  (Def.'s Mem., Exh. E).  By letter dated July 14, 2004, Defendants provided all of the requested documents, except the 1982 Implementing Agreement.  (Def.'s Mem., Exh. F).  Instead, the GMC Pension Administration Center attached a partial copy of the 1993 Implementing Agreement.  (Def.'s Mem., Exh. F) (emphasis added).[5]  On the record before this Court, this was the last correspondence between the parties prior to the commencement of this action.

Based on the undisputed facts, this Court finds that Defendants failed to produce

---

[5]     The 1993 Implementing Agreement post-dates Plaintiff's employment with GMC.

the requested documents in a timely manner and that their delay constitutes a violation of 29 U.S.C. § 1024(b)(4).  At this juncture, this Court declines to impose sanctions against Defendant because:  (1) there is no evidence that Defendants acted in bad faith when they failed to mail the documents in a timely manner; (2) their delay in responding was relatively short (34 days from receipt of the request); and (3) Plaintiff was not prejudiced by the four-day delay in mailing the documents.  At the same time, the Court acknowledges Plaintiff's allegation that his 2004 request was his second request for relevant Pension Plan documents, and recognizes the central importance of those documents to his ERISA claims.  (Compl., ¶ 19).

As best as this Court can discern, Defendants have never provided Plaintiff with a copy of the 1982 Agreement, as he requested.[6]  Defendants failure may not constitute a technical violation of 29 U.S.C. § 1024(b)(4), which only requires a fiduciary to provide the **latest updated** summary, agreement contract or instrument.  29 U.S.C. § 1024(b)(4).  Nonetheless, this Court finds that the 1982 Implementing Agreement, if applicable, is dispositive of Plaintiff's claims, and must be produced.  Strategically or not, Defendants have avoided disclosing facts and evidence essential to this litigation, thereby prolonging its length.  For example, they have failed to identify which Implementing Agreement and Pension Plan govern Plaintiff's pension eligibility claims.  Moreover, they have failed to produce the relevant Implementing Agreement, as Plaintiff specifically requested.  Based on the foregoing, this Court finds that Plaintiff is entitled to summary judgment on his

---

[6]    Defendants have not cited to any evidence that they provided Plaintiff with a copy of the 1982 Implementing Agreement.  The law is clear that it is not this Court's duty or function to search the record for such evidence.  See Amnesty Am. v. Town of West Hartford, 288 F.3d 467, 470 (2d Cir. 2002) ("[Rule 56] does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute.");  Smith v. Ward Leonard Elec. Co., No. 00 Civ. 3703, 2004 WL 1661098, at *3 n.2 (S.D.N.Y. July 23, 2004) ("It is the job of [the party's] counsel, not the Court, to identify evidence sufficient to avoid summary judgment.").

second cause of action.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's first and third causes of action is denied, and Plaintiff's Motion for Summary Judgment on those clams is denied without prejudice.  Defendants' Motion for Summary Judgment on Plaintiff's second cause of action is denied and Plaintiff's Motion seeking the same is granted. Plaintiff's request for sanctions is denied at this juncture.  Defendants are directed to identify and produce the relevant Implementing Agreement and Pension Plan.

## V.  ORDERS

IT HEREBY IS ORDERED that Defendants' Motion to Dismiss and for Summary Judgment (Docket No. 24) is DENIED.

FURTHER that Plaintiff's Motion for Summary Judgment (Docket No. 27) is GRANTED in part and DENIED in part, consistent with the foregoing decision.

FURTHER, that Defendants shall identify and produce the relevant Implementing Agreement and Pension Plan by Friday, April 28, 2006.

SO ORDERED.

Dated:        February 24, 2006
              Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge